IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE OHIO STATE UNIVERSITY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LAMP APPAREL, LLC,<br><br>　　　　Defendant. | CASE NO. 2:17-CV-516<br><br>JUDGE MICHAEL H. WATSON<br><br>MAGISTRATE JUDGE DEAVERS<br><br>CONSENT ORDER AND<br>PERMANENT INJUNCTION |

The Ohio State University ("Plaintiff") and Lamp Apparel, LLC ("Defendant") (collectively referred to as the "Parties") submit to the Court the following Stipulated Final Consent Judgment and Permanent Injunction.

**WHEREAS**, Plaintiff is the owner of various trademarks, including the following federally registered trademarks (the following are collectively referred to hereinafter as the "Trademarks"):

   A. "Buckeyes" – registration number 1,152,683, registered on April 28, 1981, and registration number 1,267,035, registered on February 14, 1984;

   B. "Buckeye Design" – registration number 2,437,954, registered January 2, 2001;

   C. "Ohio State" - registration number 1,152,682, registered April 28, 1981;

   D. "OSU" - registration number 1,121,595, registered July 3, 1979;

   E. "Ohio State University" — registration number 1,294,115, registered September 11, 1984;

   F. Illustrated Block O - registration number 2,689,612, registered February 25, 2003;

   G. "Scarlet & Gray" - registration number 3,173,656, registered November 21, 2006;

   H. Ohio State Logo - registration no. 2,094,602, registered September 9, 1997;

9509300

    I. Visual "O-H-I-O" - registration no. 4104956, registered February 28, 2012;

    J. Cursive written "Ohio" - Registration no. 4971894, registered June 7, 2016; and

    K. Ohio State Nike Jersey - Registration No. 5117747, registered January 10, 2017.

**WHEREAS**, Plaintiff has accused Defendant of making unauthorized uses of and infringing on the Ohio State Trademarks that are commercial in nature and were intended to, and did, directly compete with the lawful manufacture, distribution, sale and advertising activities of Ohio State and its licensees to the detriment of Ohio State.

**WHEREAS**, on June 14, 2017, Plaintiff commenced this action (the "Litigation") alleging claims for, *inter alia*, trademark infringement, counterfeiting, unfair competition, passing off, and dilution by tarnishment, which Plaintiff contended infringed and diluted the Plaintiff Trademarks; and

WHEREAS, the Complaint filed in the Litigation depicted non-exhaustive examples of various products that were manufactured, distributed and/or sold by Defendant that Plaintiff contended infringed and diluted the Ohio State Trademarks; and

**WHEREAS**, Defendant denies Plaintiff's claims asserted against it in the Litigation, but wishes to settle this matter amicably solely to avoid the expense and distraction of protracted litigation.

By consent of the Parties and the Court having been fully advised in the matter, it is hereby ORDERED, ADJUDGED and DECREED that:

1. That this Court has jurisdiction over the Parties and subject matter of this action.

2. That jurisdiction over this cause is retained by this Court for the sole purpose of enforcement of compliance with this Permanent Injunction and the Settlement Agreement entered by the Parties for further orders and directions as may be necessary or appropriate from the construction and effectuation of this Final Consent Judgment and Permanent Injunction.

9509300

3. Defendant represents that, as of August 31, 2017, it has removed and deleted from its Website (www.lampapparel.com) and removed from its store located at 815 North High Street in Columbus, Ohio the products that were depicted in the Complaint.

4. Within one week after entry of this Consent Order, Defendant shall destroy all products bearing the Ohio State Trademarks or any variations thereof which are in its custody or control, the sale of which by Defendant would violate this agreement.

5. This Court shall retain continuing jurisdiction over this Consent Order and over the subject matter of Plaintiff's Complaint to ensure compliance and performance with the terms of this Consent Order and to modify the Consent Order as justice so requires.

6. Defendant, its successors, assigns and all others that meet the requirements of Federal Rule of Civil Procedure 65(d)(2) are permanently enjoined from manufacturing, distributing, advertising, marketing, using, selling, possessing or promoting any products, including but not limited to clothing products, that use the Ohio State Trademarks or any other words or signs or symbols or devices that suggest an affiliation, approval, license, connection, sponsorship or endorsement with Ohio State, or that would tarnish the reputation of Ohio State and the Ohio State Trademarks.

7. That except for the relief herein granted, the Litigation, including all claims, counterclaims, and affirmative defenses which Plaintiff or Defendant have, could have or should have accorded therein, is hereby dismissed with prejudice.

8. The Parties have waived notice of the entry of this Final Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity.

9. Each of the Parties shall pay its own costs and attorneys' fees.

Dated: *Oct. 30, 2017*

*Michael H. Watson*
Honorable Michael H. Watson
United States District Court Judge

**APPROVED AS TO FORM:**

Michael DeWine
Ohio Attorney General

By:/*Joseph K. Dreitler/*
Joseph K. Dreitler, Trial Attorney (0012441)
DREITLER TRUE LLC
19 East Kossuth Street
Columbus, OH 43215
(614) 449-6640 telephone
jdreitler@ustrademarklawyer.com

9509300

*Attorneys for Plaintiff*
*The Ohio State University*

-and-

By: */Christopher T. O'Shaughnessy/*
    Christopher T. O'Shaughnessy, Trial Attorney (0069004)
    Hahn Loeser & Parks LLP
    65 E. State Street, Suite 1400
    Columbus, OH 43215
    (614) 221-0240 telephone
    COShaughnessy@hahnlaw.com

*Counsel for Defendant*
*Lamp Apparel, LLC*

9509300